UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

SHELIA NORVELL *et al.*                                                                 PLAINTIFFS

v.                                                           CIVIL ACTION NO. 5:15CV-159-TBR

KROGERS                                                                                   DEFENDANT

### MEMORANDUM AND ORDER

Shelia Norvell filed a diversity action without the assistance of counsel (*pro se*) apparently on behalf of her daughter, C.N., a minor, against Defendant Krogers. The complaint alleges that on June 19, 2015, C.N. fell on "something wet and slippery in the floor" in Krogers. She was taken to the hospital and told that she has a lumbar strain due to the fall. The complaint alleges that C.N. is going to "end up with back problems" and seeks $172,000 in damages.

Norvell, who brings this action on behalf of her minor child, is not an attorney. "[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer." *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998); 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). Section 1654 "'does not allow for unlicensed laymen to represent anyone else other than themselves.'" *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (citation omitted). Parents, therefore, "cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (citing *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990)); *Whitehurst v. Wal-Mart*, 306 F. App'x 446, 448-49 (11th Cir. 2008) (affirming dismissal of son's fraud and

negligence claims against Wal-Mart because "a non-lawyer parent has no right to represent a child in an action in the child's name"); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) ("We hold that under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney.").

> It goes without saying that it is not in the interests of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected. There is nothing in the guardian-minor relationship that suggests that the minor's interests would be furthered by representation by the non-attorney guardian.

*Cheung*, 906 F.2d at 61.

For these reasons, Norvell, an unrepresented parent, cannot bring this action on behalf of her minor child, C.N., without legal representation.

**IT IS THEREFORE ORDERED that within 60 days from the entry date of this Order, Norvell must obtain counsel to proceed with this action.**

If Norvell fails to obtain counsel to represent her minor child's interests within the time allowed, the instant action **will be dismissed without prejudice**.

Date:

cc: Shelia Norvell, *pro se*
4413.010