UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**SHELIA NORVELL** *et al.*                                                          **PLAINTIFFS**

**v.**                                                                 **CIVIL ACTION NO. 5:15CV-159-TBR**

**KROGERS**                                                                     **DEFENDANT**

<u>**MEMORANDUM OPINION**</u>

Shelia Norvell filed a diversity action without the assistance of counsel (*pro se*) on behalf of her daughter, C.N., a minor, against Defendant Krogers. Norvell is not an attorney.

"[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer." *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998); 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). Section 1654 "'does not allow for unlicensed laymen to represent anyone else other than themselves.'" *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (citation omitted). Parents, therefore, "cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (citing *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990)); *Whitehurst v. Wal-Mart*, 306 F. App'x 446, 448-49 (11th Cir. 2008) (affirming dismissal of son's fraud and negligence claims against Wal-Mart because "a non-lawyer parent has no right to represent a child in an action in the child's name"); *Meeker v. Kercher*, 782 F.2d 153, 154

(10th Cir. 1986) ("We hold that under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney.").

> It goes without saying that it is not in the interests of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected. There is nothing in the guardian-minor relationship that suggests that the minor's interests would be furthered by representation by the non-attorney guardian.

*Cheung*, 906 F.2d at 61.

For these reasons, Norvell, an unrepresented parent, cannot bring this action on behalf of her minor child, C.N., without legal representation. On December 17, 2015, the Court entered a Memorandum and Order giving Norvell 60 days to obtain counsel to proceed with this action. The 60-day period has expired without a response from Norvell. Therefore, by separate Order, the Court will dismiss this action without prejudice.

Date:

cc:     Shelia Norvell, *pro se*
4413.010